UNITED STATES of America,
Plaintiff–Appellee,

v.

Walvin COOPER, a.k.a. Kurtis Scott
Benjamin, a.k.a. Ivan Breary,
Defendant–Appellant.

No. 06–11829

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 2, 2007.

Robert Tager, Robert M. Tager, P.A.,
Clearwater, FL, for Defendant–Appellant.

Linda Julin McNamara, U.S. Attorney's
Office, Tampa, FL, for Plaintiff–Appellee.

Before ANDERSON, BIRCH and
BLACK, Circuit Judges.

PER CURIAM:

Walvin Cooper appeals his 57–month
sentence imposed following his guilty plea
for illegal reentry into the United States
after deportation as an aggravated felon,
in violation of 8 U.S.C. § 1326(a) and
(b)(2). On appeal, Cooper argues that his
sentence is unreasonable because the dis-
trict court failed to consider the 18 U.S.C.
§ 3553(a) factors, in light of *United States
v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005), other than the charac-
teristics of his criminal history. Cooper
maintains that the district court's failure to
articulate its consideration of any of the
other § 3553(a) factors presented by Coo-
per before imposing a Guidelines sentence
did not satisfy the district court's statutory
duty to consider the § 3553(a) factors.

We review the final sentence imposed by
the district court for reasonableness.
*United States v. Winingear*, 422 F.3d
1241, 1244 (11th Cir.2005). The district
court's imposition of a sentence and this
Court's reasonableness inquiry are guided
by the factors outlined in § 3553(a). *Unit-
ed States v. Talley*, 431 F.3d 784, 786 (11th
Cir.2005); *Winingear*, 422 F.3d at 1246.
"[T]here is a range of reasonable sen-
tences from which the district court may
choose...." *Id.* at 788. While a sentence
within the advisory Guidelines range is
not, *per se*, a reasonable sentence, we ordi-
narily expect such a sentence to be reason-
able. *Id.* at 787–88. The burden of estab-

lishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Id.* at 788. The district court is not obligated to specifically address and analyze every § 3553(a) factor on the record. *United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir.2005). Rather, the district court's statement that it has considered those factors is sufficient in post-*Booker* sentencing. *Id.* at 1330. Moreover, where the district court has considered permissible factors, we will not substitute our judgment in weighing the relevant factors. *United States v. Williams,* 456 F.3d 1353, 1363 (11th Cir.2006).

Upon review of the record and the sentencing transcript, and upon consideration of the briefs of the parties, we conclude that the 57–month sentence is reasonable. The district court accurately calculated the Guidelines range of 57 to 71 months and imposed a sentence at the low end of that range. In reaching its decision, the court heard Cooper's arguments at sentencing and expressly considered the § 3553(a) factors, including the circumstances of the offense, Cooper's criminal history, his lack of respect for the United States, and the danger Cooper posed to the community. The court also took into account Cooper's age and motivation for illegally reentering the United States, factors that Cooper contends call for a below-Guidelines sentence, but concluded that the sentence imposed better served the purposes of sentencing set forth in § 3553(a). Because the district court fulfilled its statutory duty to consider these factors, we affirm.

**AFFIRMED.**